# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: August 12, 2022
Decided: September 9, 2022

Mr. Patrick A. Henry
SBI# 312302
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977


David Hume, IV
Chief Prosecutor – Sussex County
Department of Justice
13 The Circle
Georgetown Delaware 19947

Todd E. Conner, Esquire
Chief Deputy
Dawn M. Williams, Esquire
Assistant Public Defender
Office of Defense Services
Carvel State Office Building
820 North French Street, Third Floor
Wilmington, Delaware 19801

RE: *State v. Patrick A. Henry*
I.D. Nos. 0609021733, 0610025087 & 0506024010

Dear Mr. Henry and Counsel:

The Court has reviewed Mr. Henry's filing docketed August 12, 2022, through which he requests, *pro se*, a certificate of eligibility to seek review of his sentence under Title 11, Section 4214(f) and the Court's order that the Office of Defense Services (ODS) further assist him in his efforts to obtain relief under 4214(f).[1] In short, he suggests that the Court should grant him a certificate of eligibility because he believes: (1) he meets the eligibility requirements for such; and (2) that some defect in his convictions or sentence must be cured via application of 4214(f).[2]

---

[1]  D.I. 96.  Unless otherwise specified, the Court will hereinafter refer only to the docket entry numbers from Case ID No. 0609021733.

[2]  *Id.*

The legislation enacting Section 4214(f) called for this Court to establish procedural rules to govern the filing of and proceedings on certain sentence modification petitions. The Court has adopted Special Rule of Procedure 2017-1 for that purpose. That rule provides that *pro se* applications will not be considered unless the Court expressly grants a petitioner permission to proceed *pro se*. The Court has not granted Mr. Henry such permission, but it appears his latest filing is in response to ODS's advice that it cannot file a request for a certificate of eligibility on his behalf.

For the sake of completeness, the Court has reviewed: Mr. Henry's request; the record in his case; and, the applicable law and Court rules. Those materials were examined to see if he might arguably satisfy the exacting threshold requirements for § 4214(f) eligibility[3] thus warranting any further ODS involvement. Mr. Henry does not.

In this case, Mr. Henry is serving habitual criminal sentences for two drug charges—a count of trafficking in cocaine and a count of possession with intent to deliver cocaine—along with multiple non-habitual sentences for other offenses. All of the counts from which those sentences derive were contained in two separate indictments, tried before separate juries, and resulted from separate verdicts in March 2007.[4]

At sentencing, the Court granted the State's habitual criminal motion[5] and applied Mr. Henry's § 4214(a) habitual status to only his trafficking and one of his possession with intent to deliver sentences.[6] Mr. Henry's § 4214(a) habitual status was not applied to any of the other sentences he received that day.[7]

---

[3]  *See State v. Lewis*, 2018 WL 4151282, at *1-2 (Del. Super. Ct. Aug. 28, 2018), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019) (describing the requirements that must be met before the Court will issue a certificate of eligibility to seek relief via 11 *Del. C.* § 4214(f)).

[4]  *See* D.I. 26—Case ID No. 0609021733; D.I. 27—Case ID No. 0610025087.

[5]  Habitual Criminal Petition, *State v. Patrick A. Henry*, ID Nos. 0609021733 and 0610025087 (Del. Super. Ct. May 11, 2007) (D.I. 32).

[6]  D.I. 33.

[7]  Sentencing Order, *State v. Patrick A. Henry*, ID Nos. 0609021733 and 0610025087 (Del. Super. Ct. May 11, 2007) (D.I. 34).

More specifically the individual components of Mr. Henry's cumulative sentence that was handed down on May 11, 2007, are:

- Trafficking in Cocaine (IS06-10-0048)—12 years at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a));

- Possession with Intent to Deliver Cocaine (IS06-10-0049)—12 years at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a));

- Possession with Intent to Deliver Cocaine (IS06-11-0122)—10 years at supervision Level V, suspended after serving 3 years at Level V, for 18 months at Level III;

- Possession of a Drug Paraphernalia (IS06-10-0050)—1 year at supervision Level V suspended in whole for 1 year at Level III;

- Possession of a Drug Paraphernalia (IS06-10-0051)—1 year at supervision Level V suspended in whole for 1 year at Level III;

- Possession of a Drug Paraphernalia (IS06-10-0052)—1 year at supervision Level V suspended in whole for 1 year at Level III;

- Possession of a Drug Paraphernalia (IS06-10-0053)—1 year at supervision Level V suspended in whole for 1 year at Level III; and

- Possession of a Drug Paraphernalia (IS06-11-0123)—1 year at supervision Level V suspended in whole for 1 year at Level III;[8]

To be eligible for sentencing relief under § 4214(f), an inmate serving a sentence (or sentences) imposed under the pre-2016 Habitual Criminal Act must meet both a type-of-sentence and the time-served requirement.[9]

Mr. Henry does not meet the type-of-sentence requirement because each

---

[8]   *Id.* Mr. Henry was also sentenced for a VOP count arising from a prior conviction for Possession with Intent to Deliver Ecstasy. That disposition (and its sentence) is inconsequential here. *See* Corrected VOP Sentencing Order, *State v. Patrick A. Henry*, ID No. 0506024010 (Del. Super. Ct. May 16, 2007) (imposing additional imprisonment suspended upon serving one year and completion of a drug treatment program and diminishing levels of supervision and treatment).

[9]   *State v. Harris*, 2022 WL 472518, at *1 (Del. Super. Ct. Feb. 14, 2022).

12-year incarcerative term for trafficking (IS06-10-0048) and possession with intent to deliver (IS06-10-0049) was imposed as a matter of the sentencing judge's discretion.

When Mr. Henry was sentenced for those drug crimes as a habitual criminal, then-extant § 4214(a) provided that he could receive a sentence of up to life imprisonment. He was not, however, subject to any minimum sentence under those terms of the Habitual Criminal Act because the trafficking and possession with intent to deliver offenses were Title 16 crimes as opposed to Title 11 felonies.[10] Now, under the applicable terms of Title 16, there was a two-year term that had to be imposed on anyone convicted of Mr. Henry's trafficking offense[11] and a three-year term that had to be imposed for his possession with intent to deliver offense.[12] So, for his trafficking in cocaine count (IS06-10-0048), Mr. Henry faced a sentence ranging anywhere from two years to life imprisonment; for his possession with intent to deliver count (IS06-10-0049), Mr. Henry faced a range of three years to life imprisonment. Because the sentencing judge exercised his discretion under § 4214(a) to sentence Mr. Henry to 12 years of imprisonment for each, he did not receive "a minimum sentence of not less than the statutory maximum penalty for a violent felony."[13] Consequently, Mr. Henry does not meet § 4214(f)'s type-of-sentence eligibility requirement on either of those crimes.[14]

---

[10] *See* DEL. CODE ANN. tit. 11, § 4214(a) (2006) ("[A]ny person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.").

[11] DEL. CODE ANN. tit. 16, § 4753A(a)(2)(a) (2006) (classifying trafficking in cocaine of an amount more than 10 grams as a class B felony); DEL. CODE ANN. tit. 11, § 4205(b) (2006) (a class B felony is subject to a minimum term of two years imprisonment and a maximum term of 25 years).

[12] DEL. CODE ANN. tit. 16, § 4763(2)(a) (2006) (providing for a minimum term of three years for one convicted of possession with intent to deliver who has previously been convicted of a qualifying drug offense).

[13] DEL. CODE ANN. tit. 11, § 4214(f) (2022).

[14] *See Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("a minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received *the* minimum sentence a judge was constrained to impose under the pre-2016 version of the Habitual Criminal Act; any other term imposed under that provision as a matter

One final note—to the extent Mr. Henry claims that there is some legal defect with either of his convictions or sentences, vacatur of a conviction or correction of some illegality of a sentence is not relief cognizable under 11 *Del. C.* § 4214(f).[15]  Indeed, just as with any other like sentence reduction mechanism, an application for § 4214(f) review presupposes a valid conviction and sentence.[16]  It is, at bottom, a truly unique vehicle for those in a very small universe—*i.e.*, only those inmates that received *the* minimum sentence a judge was constrained to impose under the prior version of the Habitual Criminal Act— to have their habitual sentences reviewed and the Court decide if a form of wholly discretionary relief is appropriate.

Mr. Henry's request for a certificate of eligibility under Del. Super. Ct. Spec. R. 2017-1(c) is **DENIED**, with prejudice.  He is manifestly ineligible for relief under 11 *Del. C.* § 4214(f) and the Court need not appoint him counsel to pursue a futile application for relief.[17]

**IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge

cc:     Honorable Craig A. Karsnitz
        Criminal Prothonotary, Sussex County

---

of the judge's own sentencing discretion is ineligible for modification under § 4214(f)); *Durham v. State*, 2018 WL 2069057, at *1 (Del. May 2, 2018) (same); *State v. Williams*, 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018) (same); *State v. Alley,* 2018 WL 5013526 (Del. Super. Ct. Oct. 16, 2018) (same).

[15]  *See* Del. Super. Ct. Spec. R. 2017-1(a)(2) (describing the exclusiveness of the remedy and providing that a petition under the rule "shall be limited to a request for modification of a sentence pursuant to 11 *Del. C.* § 4214(f)").

[16]  *See State v. Rivera*, 2014 WL 3894274, at *2 (Del. Super. Ct. Aug. 11, 2014) (citing cases).

[17]  *See, e.g., Clark*, *supra.* (this Court does not err in denying appointment of counsel when it is clear on the record that an inmate doesn't meet § 4214(f)'s eligibility requirements).